CABASSA, PLAINTIFF AND RESPONDENT, v. BRAVO, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action
for Divorce.

MOTION of the Respondent for Dismissal of the Appeal.

No. 1172.—Decided July 18, 1914.

CONSTRUCTION OF LAW.—Statutes should be construed by giving effect to all
their provisions.

APPEAL—STATUTORY RIGHT.—The right of appeal is not an absolute but a statu-
tory right, and the party wishing to exercise that right should comply sub-
stantially with all the provisions relative thereto.

ID.—TRANSCRIPT OF RECORD.—In accordance with the last paragraph of section
299 of the Code of Civil Procedure as amended by Act No. 70 of March 9,
1911, the provisions of which are imperative and not directory, the appellant
must serve a copy of the transcript of the record on the respondent and if
he refuse to supply such omission after being notified of a motion to dis-
miss the appeal on that ground, the appeal will be dismissed.

IGNORANCE OF LAW.—Ignorance or a mistaken understanding of the law is no
excuse for non-compliance therewith.

The facts are stated in the opinion.

*Messrs. Pascasio Fajardo* and *E. Ramírez Nadal* for the
appellant.

*Messrs. José Sabater, Francisco Parra Capó* and *G.
Torres* for the respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

This is a motion by counsel for the plaintiff for dismissal
of the appeal on the ground that he had not been furnished
with a copy of the transcript of the record filed in this court
for the purposes of the appeal. The appellant filed a written
objection to the said motion alleging that according to Act
No. 70 of March 9, 1911, he is not obliged to delive: a copy
of the transcript of the record to the respondent.

Section 299 of the Code of Civil Procedure, as amended
by Act No. 70 of March 9, 1911, after prescribing that the bill
of exceptions and statement of the case, when approved and

certified to by the judge, shall form a part of the judgment roll, concludes as follows:

"The record of an appeal shall be constituted by the certificate to be issued by the secretary of the court *a quo* or by the attorneys of the parties, of the judgment roll and of the notification of the appeal. Said certificate shall be filed in the office of the secretary of the Supreme Court within the next thirty days following that on which the bill of exceptions and summary of the case was approved with a declaration that a literal copy of the same certified to by the counsel for the appellant; has been delivered to the counsel for the appellees."

The use by the Legislature of the verb "shall" in the said paragraph clearly reveals its intention to establish an imperative rule of procedure and not a directory rule whose fulfilment is at the option of the appellant. Undoubtedly the purpose of the statute was that the respondent should have a literal copy of the transcript of the record so as to be able to prepare his brief for the Supreme Court. The law is clear, and pursuant to section 13 of the Civil Code, the letter thereof cannot be disregarded, especially when it is not even attempted to show an intention to comply therewith. We must construe the statute by giving effect to all and omitting none of its provisions. Section 26 of the Evidence Act of 1905. *Nadal* v. *American Railroad Company,* 19 P. R. R., 1024.

Now, is the omission in question a sufficient ground for dismissal of the appeal? It unquestionably is. The right of appeal is not an absolute right but is of statutory origin and the party who desires to assert such right should comply substantially with all the provisions relating to its exercise. 2 Ruling Case Law, 100.

In the present case, not only has the appellant failed to comply with the statute, but expressly alleges that he is not required to do so.

This is not the first time that this question has been raised in this court. See the cases of *Garcia* v. *American Railroad*

*Company,* 17 P. R. R., 914; *Successors of José Martínez*
v. *Tomás Dávila & Co.,* 17 P. R. R., 970; *Hernández* v. *American Railroad Company,* 17 P. R. R., 1177; *Avalo Sánchez*
v. *Porrata et al.,* 18 P. R. R., 874.

In the first three cases we overruled the motion for dismissal because the appellant, on being notified of the motion and before the hearing thereon, supplied the omission by delivering a copy of the transcript of the record to the respondent. In the last case we overruled the motion to dismiss because it was shown that a copy of the transcript of the record had been delivered to the attorney representing two of the respondents who was associated with another attorney who appeared for the other five respondents, but in none of said cases did the appellant refuse to supply the omission and allege that he was not required to deliver a copy of the transcript of the record to the respondent. Ignorance or an erroneous understanding of the law is no excuse for noncompliance therewith.

The motion should be sustained and the appeal dismissed.

*Appeal dismissed.*

Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice Hutchison took no part in the decision of this case.